FILED
2007 Mar-21  AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRYAN BASKETT and KAREN BASKETT,** )<br>)<br>       Plaintiffs,  )<br>)<br>vs.    )<br>)<br>**ANN SMITH,**   )<br>)<br>       Defendant.  ) | Civil Action No. CV-06-S-1079-NE |

_____

**ANN BASKETT,**                         )
                                         )
      Counter-Plaintiff,    )
                                         )
vs.                                      )
**BRYAN BASKETT and KAREN**              )
**BASKETT,**                             )
                                         )
      Counter-Defendants.   )

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion of plaintiffs/counter-defendants Bryan Baskett ("Bryan") and Karen Baskett ("Karen") to quash subpoenas issued by counsel for defendant/counter-plaintiff Ann Smith a/k/a/ Ann Baskett ("Ann").[1] Bryan and Karen assert that the subpoenas served on Beverly Greenberg, M.A., Karen's mental health therapist, and Dr. Linda Gromko, M.D., Karen's general

---

[1] Doc. no. 33.

physician, should be quashed because the information sought in the subpoenas is protected by the psychotherapist-patient privilege.[2]

Alabama's psychotherapist-patient privilege is embodied in section 34-26-2 of the Alabama Code, which states:

> For the purpose of this chapter, the confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.

Ala. Code § 34-26-2 (1975). Despite Ann's argument to the contrary, there exists no exception to this statutory privilege when a party alleges mental distress damages in a civil lawsuit. *Ex parte Western Mental Health Center,* 884 So. 2d 835, 840-41 (Ala. 2003) ("Alabama has not recognized an exception to the psychotherapist-patient privilege when, in civil actions such as this one, the plaintiff merely alleges mental anguish.") (citing *Ex parte United Service Stations, Inc.*, 628 So. 2d 501, 504 (Ala. 1993); *Ex parte Pepper,* 794 So. 2d 340, 343-44 (Ala. 2001)). Thus, Ann will not be allowed to discover any records from Ms. Greenberg, Karen's mental health therapist.[3]

---

[2]The court has *not* already ruled on this issue, as Ann states. In the prior order referred to by Ann, the court stated that any objection to the discovery of mental health records was not ripe for decision at that time, as no actual discovery requests for mental health information had yet been submitted. *See* doc. no. 27, at 2 n.6 (Order entered on March 5, 2007).

[3]Ann briefly asserts, in a footnote, that Ms. Greenberg may not be a psychotherapist, as that term is defined by the relevant provisions of the Alabama Code, and that her records may thus not be protected by the psychotherapist-patient privilege. *See* doc. no. 34 (Ann's response to motion to

The same principles do not apply, however, to the records of Dr. Gromko, Karen's general physician. "Alabama law does not recognize a general physician-patient privilege of confidentiality." *Ex parte Smitherman Brothers Trucking, Inc.,* 751 So. 2d 1232, 1237 n.3 (Ala. 1999) (citations omitted). Therefore, Ann will be allowed to obtain Dr. Gromko's records, except insofar as those records include any records from Ms. Greenberg.

Additionally, as the old saying goes, "what is sauce for the goose is sauce for the gander." Ann requests that, if the court precludes her from obtaining records from Karen's mental health providers, the court also should preclude Bryan and Karen from obtaining records from Ann's mental health providers. Ann's request is reasonable and in accordance with Alabama's psychotherapist-patient privilege law, as outlined above. Thus, Bryan and Karen will not be allowed to discover any records from Dr. Hugh Sharp, Ann's psychiatrist, or from Celia Cantor, M.A., L.P.C., Ann's mental health therapist.

Accordingly, Bryan and Karen's motion to quash is GRANTED in part and DENIED in part. The subpoena issued to Beverly Greenberg, M.A., by counsel for Ann[4] is QUASHED. Additionally, it is ORDERED that Ann shall not be entitled to

---

quash subpoenas), at 5 n.4. As Ann offers no documentation, or further argument, to support this assertion, the court is not persuaded by the argument.

[4]A copy of this subpoena is attached as Exhibit A to Bryan and Karen's motion to quash (doc. no. 33).

discover any portions of the records of Dr. Linda Gromko, M.D., which contain records from Ms. Greenberg. Further, the subpoenas issued to Celia Cantor, M.A., L.P.C., and Dr. Hugh Sharp, IV, by counsel for Karen[5] are QUASHED.

    DONE this 21st day of March, 2007.

_____
United States District Judge

---

[5] These subpoenas are attached as Exhibit B to Ann's response to Bryan and Karen's motion to quash (doc. no. 34).